UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY SHUSTER and MARIA SHUSTER,<br><br>                    Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                    Defendant. | Case No.:  24cv2422-L-SBC<br><br>**SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS** |

Pursuant to Local Rule 16.1(d), a Case Management Conference was held on **June 6, 2025**. After consulting with the counsel of record for the parties, being advised of the status of the case, and for good cause shown, **IT IS HEREBY ORDERED**:

1. The parties must review and familiarize themselves with the Civil Local Rules of this District ("Local Rules"), the Electronic Case Filing Administrative Policies and Procedures ("CM/ECF Manual"), the Standing Order for Civil Cases issued by the Hon. M. James Lorenz ("Standing Order"), and the undersigned Magistrate Judge's Chambers Rules ("Chambers Rules"), all of which are posted on this District's website.

### Pleadings

2. Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed no later than **July 21, 2025**.

3. The Court shall convene an attorneys-only Status Conference on **October 17, 2025,** at **9:30 a.m.** Counsel shall be prepared to discuss the status of their discovery and settlement efforts. To participate in the conference, counsel shall use the same Zoom meeting information used for the previous conference in this matter.

### Discovery

4. All fact discovery shall be completed by all parties no later than **December 8, 2025**. "Completed" means that all discovery under Rules 30-36, and discovery subpoenas under Rule 45,[1] must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a).** Counsel shall make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel shall file an appropriate motion within the time limit and procedures outlined in the Chambers Rules. **A failure to comply in this regard will result in waiver. Absent an order of the court, no stipulation to alter or extend the time to comply with this provision will be recognized by the court.**

5. Absent leave of Court, the parties will be limited to the following per-side restrictions during discovery: no more than 10 depositions, 25 interrogatories, 25 requests for admission, and 30 requests for production of documents, consistent with the parties' stipulation and this Court's approval at the Case Management Conference.

6. No later than **December 8, 2025**, the parties shall designate their respective experts in writing. The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. This requirement is not limited to retained experts. The date for exchange of rebuttal experts shall be no later than **December 22, 2025**. The written designations shall include

---

[1] All references to "Rule" are to the Federal Rules of Civil Procedure.

1 | the name, address and telephone number of each expert and a reasonable summary of the
2 | testimony the expert is expected to provide.  The list shall also include the normal rates
3 | the expert charges for deposition and trial testimony.

4 |     7.    No later than **January 22, 2026**, each party shall comply with Rule
5 | 26(a)(2)(A) and (B) disclosure provisions.  This disclosure requirement applies to all
6 | persons retained or specially employed to provide expert testimony, or whose duties as a
7 | party's employee regularly involve giving expert testimony.  **Except as provided in the**
8 | **paragraph below, any party that fails to make these disclosures shall not, absent**
9 | **substantial justification, be permitted to use the undisclosed evidence or testimony**
10 | **at any hearing or at trial.  In addition, the court may impose sanctions as permitted**
11 | **by Rule 37(c).**

12 |     8.    No later than **February 5, 2026**, the parties shall supplement their
13 | disclosures regarding contradictory or rebuttal evidence under Rule 26(a)(2)(D).

14 |     9.    All expert discovery shall be completed by all parties no later than **March 5,**
15 | **2026**.  The parties shall comply with the same procedures set forth in the paragraph
16 | governing fact discovery.

17 |     10.    Failure to comply with this section or any other discovery order of the court
18 | may result in Rule 37 sanctions, including preclusion of expert or other designated
19 | evidence.

20 | **Motion Briefing**

21 |     11.    Except for motions *in limine*, all pretrial motions must be filed no later than
22 | **April 6, 2026**.  As provided herein and in the Standing Order, **certain motions,**
23 | **including motions for class certification, must be filed well before this date.**

24 |     12.    Counsel for the moving party must obtain a motion hearing date from the
25 | law clerk of the judge who will hear the motion.  The period of time between the date of
26 | requesting a motion date and the hearing date typically exceeds 30 days.  Failure to make
27 | a timely request for a motion date may result in the motion not being heard.

28 |     13.    Motion briefing must comply with all applicable Rules, Local Rules,

Standing Order, Chambers Rules and court orders.

## Mandatory Settlement Conference

14. A Mandatory Settlement Conference shall be conducted by videoconference on **July 1, 2026**, at **10:00 a.m.** before Magistrate Judge Steve B. Chu. All parties must lodge via email non-confidential settlement statements and exchange copies of their statements by **June 24, 2026**. The parties are ordered to read and to fully comply with the Chamber Rules of the assigned magistrate judge.

## Final Pretrial Conference

15. Memoranda of Contentions of Fact and Law are not required and will not be accepted.

16. No later than **July 13, 2026**, counsel shall comply with Rule 26(a)(3) pre-trial disclosure requirements. Failure to comply could result in evidence preclusion or other Rule 37 sanctions.

17. No later than **July 20, 2026**, counsel shall meet and take the action required by Local Rule 16.1(f)(4) with a view to enter into stipulations and agreements to simplify issues for trial. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to other parties' Rule 26(a)(3) pretrial disclosures. Counsel shall cooperate in the preparation of the proposed final pretrial conference order.

18. Counsel for plaintiff is responsible for preparing the proposed final pretrial conference order and arranging the meetings of counsel pursuant to Local Rule 16.1(f). No later than **July 27, 2026**, plaintiff's counsel must provide opposing counsel with the draft proposed final pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's counsel concerning any objections to form or content. Both sides shall attempt promptly to resolve their differences, if any, concerning the proposed order.

19. The proposed final pretrial conference order, including objections to Rule

26(a)(3) pretrial disclosures, shall be served and lodged with Judge Lorenz no later than **August 3, 2026**, and shall comply with Local Rule 16.1(f)(6).

20. The Final Pretrial Conference is scheduled on the calendar of the **Honorable M. James Lorenz** on **August 10, 2026** at **11:00 a.m**. Trial briefs are not required for cases tried to the jury. Leave to file a trial brief for a jury trial must be obtained from Judge Lorenz at the Final Pretrial Conference.

### Additional Provisions

21. Upon parties' request, a post-trial settlement conference before a Magistrate Judge may be held within 30 days of verdict.

22. The dates and times set forth herein will not be modified except for good cause shown.

23. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated: June 9, 2025

Hon. Steve B. Chu
United States Magistrate Judge